UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| MELINDA LITSINGER and<br>JAMES LITSNGER,<br><br>        Plaintiffs,<br><br>v.<br><br>FOREST RIVER, INC. and<br>SIRPILLA RV CENTERS, LLC d/b/a<br>CAMPING WORLD RV SALES,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)   CASE NO. 3:18-cv-00613<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### MEMORANDUM IN SUPPORT OF SIRPILLA RV CENTERS, LLC'S MOTION FOR SUMMARY JUDGMENT

Defendant, Sirpilla RV Centers, LLC ("Sirpilla"), by counsel, pursuant to Fed. R. Civ. P. 56, submits the following Memorandum in support of its Motion for Summary Judgment.

### INTRODUCTION

On June 16, 2017, Mr. and Mrs. Litsinger ("Plaintiffs") purchased a 2017 Forest River Dynamax directly from Sirpilla. When Plaintiffs signed the purchase agreement, they agreed that they read and understood that Sirpilla was making no warranties and required Plaintiffs to bring any claims relating to the purchase agreement or purchase of the RV within one year of the date of purchase.

On August 9, 2018, nearly two months past the expiration of the limitations period, Plaintiffs initiated the present action raising claims for breach of warranty and/or contract and violations of the Ohio Consumer Sales Protection Act. These claims, however, are barred because they are untimely. Furthermore, even if the claims were not untimely, Plaintiffs cannot pursue a claim for breach of warranty because Sirpilla provided no warranties. Similarly, like their breach of warranty claim, Plaintiffs breach of contract claim also fails because it is a mere repackaging of their warranty claim. Finally, Plaintiffs' last resort is to pursue a claim under the Ohio Consumer Sales Protection Act.

1

However, this claim, like the first, relates the purchase of the RV and is untimely. Nonetheless, even if it was not untimely, Plaintiffs have failed to establish the necessary facts to pursue such a claim. Summary judgment in favor of Sirpilla, as a matter of law, is proper.

## STATEMENT OF UNDISPUTED MATERIAL FACTS

**A. The Parties**

1. Melinda and James Litsinger are individuals residing in Ravenna, Ohio. (Exhibit A, Melinda Litsinger Depo., 5:19-20; Exhibit B, James Litsinger Depo., 4:19-21).

2. Sirpilla is a Minnesota Limited Liability Company with its principal place of business located near Akron, Ohio. [DE 9, p. 1].

3. Forest River, Inc. is an Indiana Corporation located in Elkhart, Indiana. [DE 9, p. 1].

**B. Plaintiffs purchase a 2017 Forest River Dynamax from Sirpilla**

4. In approximately June 2017, Plaintiffs were in the Sirpilla RV Repair Facility, having modifications done to their previously owned RV, and a Sirpilla salesman approached them. (Ex. B, 11:24-25; 12:1-4).

5. Plaintiffs agreed to walk around the lot with the salesman, and a 2017 Dynamax (the "RV") caught their eye. They looked in the RV, took it for a test drive, and decided to purchase it. (Ex. B, 14:7-24).

6. The suggested retail price displayed on the vehicle was $327,036.00. (Exhibit C, Suggested Retail Price Notice).

7. Before initiating the sales paperwork, Plaintiffs did not do any research, review any websites or brochures regarding the RV. (Ex. A, 16:7-12; Ex. B 13:3-9.)

8. Mr. Litsinger did not try to negotiate the price of the RV down, nor did he try to negotiate the price of his trade, up (Ex. B, 18:3-8).

9. On or about June 16, 2017, Mr. Litsinger signed a purchase agreement agreeing to pay $314,374.65 for a 2017 Forest River Dynamax RV from Sirpilla.  (Exhibit D, Purchase and Sale Agreement).

10. Mr. Litsinger received $148,862.50 of credit for his trade-in unit. (*Id.*).

**C. The Sales Agreement**

11. The purchase and sale agreement noted:

    **ALL VEHICLES ARE SOLD "AS-IS," WITH NO EXPRESS OR IMPLIED WARRANTIES FROM DEALER.**

    . . .

    **Dealer makes no guarantee or warranty, express or implied.** The vehicle is sold by dealer "AS-IS" with no dealer guarantee or warranty, implied or express.

     (*Id.,* emphasis original).

12. It further noted:

    **DEALER HEREBY DISCLAIMS AND EXCLUDES FROM THIS SALE ALL WARRANTIES, EXPRESS OR IMPLIED, INCLUDING THE IMPLIED WARRANTY OF MERCHANTABILITY AND THE IMPLIED WARRANTY OF FITNESS. BUYER(S) ACKNOWLEDGE THIS DISCLAIMER IS MADE IN CAPITALIZED, BOLD AND UNDERLINED FONT AND IS "CONSPICUOUS".**

    . . .

    **Buyer(s) understand and agree that if either Buyer(s) or Dealer should breach this contract or if Buyer(s) institute any claim arising out the contract or the purchase of the Unit, the statute of limitation for any such claim is limited to one (1) year from the date of sale."**

    **(**Exhibit D, emphasis original).

13. Mr. Listinger signed that he read and understood the terms of the Agreement. (*Id.*).

14. On August 9, 2018, Plaintiffs filed a Complaint, alleging the following causes of action against Sirpilla:

    a. Breach of Warranty and/or Contract;
    b. Breach of the Ohio Consumer Sales Practices Act.

3

**D. Discovery on Consumer Sales Practices Act.**

15. In discovery, Defendants asked Plaintiffs to identify each and every fact, omission, and/or representation which they relied upon in supporting their allegation that Sirpilla violated the Ohio Consumer Sales Practices Act. Specifically, to disclose who made such representation, when it was made, to whom it was made, how it was made, and where the parties were located when the representation was made. *See* Exhibit E, Plaintiffs' Interrogatory Answers.

16. Plaintiffs responded to the interrogatory by stating, "We don't understand your question. We do not know the law. We are not lawyers. But more than once Sirpilla agreed to perform repair work on the RV and should have done it in a good manner but did not." *Id.*

17. Plaintiffs' attorney responded by reiterating the general allegations in Plaintiffs' Complaint and directing Sirpilla to a demand letter sent to Forest River. *Id.;* DE 21, Count III.

## SUMMARY JUDGMENT STANDARD

A court must grant summary judgment when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[T]he court has one task and one task only: to decide, based on the evidence of record, whether there is any material dispute of fact that requires trial." *Egan v. Freedom Bank*, 659 F.3d 639, 643 (7th Cir. 2011). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Not every dispute between the parties makes summary judgment inappropriate; "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id.* To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Ogden v. Atterholt*, 606 F.3d 355, 358 (7th Cir. 2010).

"If a party moving for summary judgment has properly supported [its] motion, the burden

4

shifts to the nonmoving party to come forward with specific facts showing that there is a genuine issue for trial." *Chaib v. Indiana*, 744 F.3d 974, 981 (7th Cir. 2014). *See also Siegel v. Shell Oil Co.*, 612 F.3d 932, 937 (7th Cir. 2010) ("[T]he non-moving party may not rest on its pleadings, but must produce specific evidence of a genuine issue for trial."); *Carroll v. Lynch*, 698 F.3d 561, 564 (7th Cir. 2012) ("Mere 'metaphysical doubt as to the material facts' is not enough."); No genuine issue exists for trial unless there is sufficient evidence favoring the plaintiff's position such that a jury can return a verdict in her favor. *Carroll*, 698 F.3d at 564. "Summary judgment is not a dress rehearsal or practice run; it is the put up or shut up moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of events." *C.S. v. Couch*, 843 F. Supp. 2d 894, 914 (N.D. Ind. 2011) (internal quotation marks omitted).

## **ARGUMENT**

Plaintiffs' claims are time-barred. Because Plaintiffs' claims are time-barred, and there is no factual dispute over the timing of the filing of the Complaint, Sirpilla is entitled to summary judgment as a matter of law.

Nonetheless, even if Plaintiffs' claims are not time-barred, their claims still fail because Sirpilla supplied no warranties with the purchase of the RV, thus precluding any breach of warranty claims. Plaintiffs cannot establish a breach of contract claim, and because Plaintiffs have failed to establish that a breach of the purchase agreement has even occurred, any breach of contract claims, also fail. Finally, Plaintiffs have failed to establish the facts necessary for any actionable conduct under the Ohio Consumer Sales Protection Act. Nonetheless, even if any of Plaintiffs' claims remain, which is unlikely, Plaintiffs are barred from seeking revocation of acceptance or incidental and consequential damages against or from Sirpilla.

Sirpilla is entitled to summary judgment as a matter of law.

**I.       Ohio Law Applies to Plaintiffs' Claims against Sirpilla.**

Plaintiffs raise two claims against Sirpilla—a breach of contract and/or warranty and violations of the Ohio Consumer Protection Statutes. The Purchase and Sale Agreement, however, states, "Any controversy, dispute, or claim arising out of or relating to this Agreement or breach thereof shall be interpreted under the law of the state in which Dealer is located. . ." (Ex. D, p. 3). Sirpilla is located in Ohio. (*Id.* [DE 9, p. 1]).

In diversity cases, the court applies the choice of law rules of the state in which it sits. *Travelers Prop. Case. Co. of Am. v. Liebert Corp.*, 2018 U.S. Dist. LEXIS 164776, *9 (S.D. Ohio 2018)(*citing Klaxon co. v. Stentor Elec. Mfg., Co.,* 313 U.S. 487, 496 (1941). This Court, therefore, must apply the choice of law rules of Indiana. "Indiana choice of law doctrine favors contractual stipulations as to governing law." *Allen v. Great Am. Reserve Ins. Co.,* 766 N.E.2d 1157, 1162 (Ind. 2002).

Plaintiffs' claims against Sirpilla surround the sale and purchase of the RV, alleged warranties provided during the sale, and the purchase agreement. Therefore, the claims against Sirpilla fall under the contractual choice of law provision. Ohio law, accordingly, applies to Plaintiffs' claims.

**II.      Summary Judgment in favor of Sirpilla on Plaintiffs' Complaint is appropriate because Plaintiffs' claims are untimely.**

Plaintiffs purchased the RV on June 16, 2017. When they did so, they agreed to a one-year statute of limitations for all claims arising from the purchase agreement or the purchase of the RV. Ex. C, p. 2. Plaintiffs, however, did not file the present action until August 9, 2018—nearly two months past the one-year expiration. [DE 1]. Plaintiffs' claims, therefore, are untimely.

"A contract validly may limit the time for bringing an action on the contract to 'a period less than that prescribed in a general statute of limitations provided that the shorter period shall be a reasonable one." *Mitchell v. State Auto. Mut. Ins. Co.,* 2001 Ohio App. LEXIS 5563, (Ohio Ct. App. 2001). The limitation of actions to a period of 12 months is not unreasonable. *Id.* Parties to contracts

are presumed to have read and understood them and a signatory is bound by a contract that they willingly signed. *Preferred Capital, Inc. v. Power Eng'g Group, Inc.,* 112 Ohio St. 3d 429 (Ohio 2007).

Here, when Plaintiffs entered into the purchase agreement, they agreed to the following terms, listed on the first page of the Agreement, above the signature line:

> **Buyer(s) understand and agree that if either Buyer(s) or Dealer should breach this contract or if Buyer(s) institute any claim arising out the contract or the purchase of the Unit, the statute of limitation for any such claim is limited to one (1) year from the date of sale."**

(Ex. D, p. 1).

Plaintiffs' claims against Sirpilla surround the purchase agreement and purchase of the RV. In fact, the purchase agreement and purchase of the RV is the *only* relationship between Plaintiffs and Sirpilla. Specifically, Plaintiffs allege a breach of warranty and/or contract. As noted above and discussed below, Sirpilla supplied no warranties. Even so, such claims would relate to the purchase of the RV and therefore be subject to the one-year limitations provision. Any breach of contract claim likewise would result from the only contract between the parties --- the purchase agreement. Therefore, Plaintiffs' breach of contract claim is also barred.

Finally, Plaintiffs have raised a claim under the Ohio Consumer Sales Protection Act. Under the express provision of the Ohio Consumer Sales Protection Act, however, "a violative act must be done 'in connection' with the consumer transaction at issue." *Michaelson v. Volkswagen Aktiengesellschaft,* 2018-Ohio-1303, *12 (8th Cir. 2018). Reviewing the allegations in the Complaint, the consumer transaction at issue here is the sale of the RV. [DE 1, ¶ 56]. Because the act must be done in connection with the transaction, and the transaction at issue here limits the statute of limitations to bringing any claims relating to the transaction to one year, Plaintiffs' claims are time-barred.

Summary judgment in favor of Sirpilla and against Plaintiffs on all claims is appropriate.

7

> III. **Even if the Court determines that Plaintiffs' claims are not untimely, they nonetheless fail for independent reasons.**

Plaintiffs' claims suffer from fatal flaws regarding the one-year limitations provision, but even if the Court were to set that fact aside, Plaintiffs' claims, nonetheless, suffer from additional, fatal issues.

> A. **Sirpilla provided no warranties. Because Sirpilla provided no warranties, summary judgment in favor of Sirpilla is proper on Plaintiffs' breach of warranty claims.**

To establish a claim for breach of warranty under Ohio Law, Plaintiffs must first establish the existence of a warranty. *Witkowski v. Ford Motor Co.,* 2016-Ohio-5634, *20 (Oh. Ct. App. 2016). Ohio law allows for the complete exclusion or modification of warranties. O.R.C. § 1302.29; *Martin v. Kings Ford, Inc.,* 2015-Ohio-409, *13 (Ohio Ct. App. 2015). Express warranties may be excluded so long as the disclaimer is not unreasonable. *Norcold, Inc. v. Gateway Supply Co.,* 2006-Ohio-6919, *46 (Ohio Ct. App. 2006). A disclaimer of express warranties is reasonable if it contains a "Merger Clause" indicating the writing supersedes any previous agreements or understandings of the parties. *Keel v. Toledo Harley-Davidson/Buel,* 184 Ohio App. 3d, 348, 352 (Oho. Ct. App. 2009). The exclusion of the implied warranty of merchantability must mention merchantability and be conspicuous. O.R.C. § 1302.29(B). The exclusion of the implied warranty of fitness must be conspicuous. *Id.* A disclaimer is conspicuous if, in the body of a form, it is in larger or other contrasting type or color. O.R.C. § 1301.01(J).

The first page of the Purchase Agreement, above Mr. Litsinger's signature, the purchase agreement states:

> **ALL VEHICLES ARE SOLD "AS-IS," WITH NO EXPRESS OR IMPLIED WARRANTIES FROM DEALER.**

(Ex. D). The warranty then continues:

> **Dealer makes no guarantee or warranty, express or implied.** This vehicle is sold by Dealer "AS-IS" with no Dealer guarantee or warranty, implied or express. Dealer does not affirm or adopt any manufacturer warranty(s) available to this Unit or any of its components. **DEALER HEREBY DISCLAIMS AND EXCLUDES FROM THIS SALE ALL WARRANTIES, EXPRESS OR IMPLIED, INCLUDING THE IMPLIED WARRANTY OF MERCHANTABILITY AND THE IMPLIED WARRANTY OF FITNESS.**

8

> **BUYER(S) ACKNOWLEDGE THIS DISCLAIMER IS MADE IN CAPITALIZED, BOLD AND UNDERLINED FONT AND IS "CONSPICUOUS.**
>
> **. . .**
>
> **Entire Agreement: No reliance.** The written terms on the front and reverse side of this Agreement comprise the entire Agreement between Buyer(s) and Dealer and Buyer(s) have read and understood the front and reverse side of this Agreement. No verbal, unwritten, electronic, or other communication of any nature not contained in this Agreement was relied upon by Buyer(s) became part of the basis of the Buyer(s) bargain. . .

(*Id.,* emphasis original).

The Purchase Agreement's disclaimer of express warranties is not unreasonable because it contains a proper merger clause notifying Plaintiffs of the exclusion of all prior statements. Furthermore, the multiple notations regarding the exclusions of implied warranties are conspicuous and meet all standards outlined in the Ohio Code. Accordingly, Sirpilla effectively disclaims all warranties.

Without a warranty, Plaintiffs cannot prove the first element of a breach of warranty—the very existence of one. Summary judgment in favor of Sirpilla on Plaintiffs' breach of warranty claims is proper.

### B. Even if Plaintiffs can establish that their claims are timely and that a warranty exists, they cannot establish that Sirpilla breached any warranties.

"If a plaintiff fails to present sufficient evidence showing that the defendant had reasonable opportunities to perform repairs and failed to do so, the defendant is entitled to summary judgment because the plaintiff has failed to establish an element of his claim." *Zylstra,* at *5. The Litsingers cannot establish they provided Sirpilla a reasonable opportunity to cure the alleged defects with the RV. A reasonable opportunity to cure is, at a minimum, more than two repair attempts on any identified defect *Id.; Smith v. Nexus RV's, LLC,;* 2020 U.S. Dist. LEXIS 108256, *20 (N.D. Ind. June 19, 2020); *Zylstra v. DRV,* 2020 U.S. Dist. LEXIS 86341, *16 (N.D. Ind. May 18, 2020).

Plaintiffs admit that only three issues required more than one repair attempt: the slide, entry door spring, and silverware drawer. (*See,* Forest River's Motion for Summary Judgment, Ex. G, No. 13, p. 6; Ex. A, 92:6-14). A review

9

of each, however, shows that none of these issues required more than two repairs attempts. *See,* Forest River's Motion for Summary Judgment, pgs. 10-14.

Furthermore, while Plaintiffs may argue that the RV was out of service for an unreasonable amount of time, they present no evidence to show that their alleged days out of service [DE 1, p. 13], takes into account time the RV was in service, unrelated to warranty repairs attributable to any warranty provided by Sirpilla, and not Forest River or the chassis manufacturer.

Accordingly, Plaintiffs have presented no evidence to support their arguments that the RV was out of service for an unreasonable amount of time or required an unreasonable number of repair attempts.

### C. Plaintiffs' breach of contract claim fails as a matter of law.

Plaintiffs' breach of contract claim against Sirpilla states:

> This case involves a defective 2017 Forest River Dynamax recreational vehicle that defendant Forest River warranted and contracted to warrant and which Defendant Sirpilla contracted to warrant and which Defendant contracted to repair but which they each did not repair within a reasonable number of chances or within a reasonable amount of time and whose warranties and/or contracts of warranty and contracts each defendant breached

[ DE 1, p. 7].

First, it is unclear what the alleged "contract" Sirpilla breached is. The phrasing of the Complaint seems to indicate the "contract" is a warranty, supplied either by Forest River or Sirpilla. It is also curious as to whether Plaintiffs even intended to bring a claim for breach of contract as opposed to a breach of warranty claim, as their recent briefing indicates that only *two* claims were brought against Sirpilla [DE 73]. Regardless of this fact, whether the contract is a warranty or the purchase agreement, both fail.

If the alleged contract which Sirpilla breached was an express warranty supplied by Sirpilla, such claim never gets off the ground since all express and implied warranties have been disclaimed, as argued above.

10

If Plaintiffs are pursuing a breach of contract claim under the purchase agreement, their claim fairs no better as the one-year limitation to pursue a claim for a breach of contract relating to the purchase agreement excludes such a claim. Plaintiffs' breach of contract claim is time-barred. Nonetheless, even if the claim wasn't time-barred, the only duty on behalf of Sirpilla under the purchase agreement was to deliver a 2017 Forest River Dynamax at the agreed-upon price –which it did and which Plaintiffs do not allege failed to happen.

Sirpilla is entitled to summary judgment on Plaintiffs' breach of contract claim.

### D. There are no material facts in dispute, and Sirpilla is entitled to summary judgment as a matter of law on Plaintiffs' Ohio Consumers Sale Protection Act claim.

Plaintiffs' final claim is under the Ohio Consumer Sales Protection Act ("OCSPA"). "An action under the [Ohio] Consumer Sales Practices Act is, in essence, a fraud claim." *Estate of Cattano v. High Touch Homes, Inc.* 2020-Ohio-2631, *44 (6th Cir. 2002). OSCPA claims must be plead with particularity. *Kondash v. Kia Motors Am.,* 2016 U.S. Dist. LEXIS 185184, *30 (S.D. Ohio 2016). "To plead a fraud-based claim, Plaintiff must plead the 'who, what, where, and how' of the alleged fraud. *In re Whirlpool Corp. Front-Loading Washer Prods. Liab. Litig,* 684 F. Supp. 2d, 942, 961 (N.D. Ohio 2009). Because Plaintiffs failed to plead their OCSPA claims with particularity under Rule 9 and failed to respond to Interrogatories appropriately, it is challenging to ascertain what actions of Sirpilla allegedly violated the OCSPA. Nonetheless, only those specific alleged deceptive acts and/or misrepresentations contained in the Amended Complaint are at issue under Rule 9(b). *Burch ex rel. United States v. Piqua Eng'g.,* 145 F.R.D. 452, 455 (S.D.Ohio 1992) (Pleading language alleging misrepresentations "including, but not limited to" insufficient under Rule 9(b)—only specific misrepresentations identified in the complaint are actionable); *Yuhasz v. Brush Wellman, Inc.,*181 F. Supp. 2d, 785, 790-93 (N.D. Ohio. 2001).

11

An examination of the allegations in the Complaint and a comparison of those allegations to the deceptive practices listed in OCSPA is necessary first to ascertain which of the prohibited deceptive acts Plaintiffs allege Sirpilla committed. Paragraph 57 of the Amended Complaint sets forth the alleged unfair/deceptive/unconscionable acts and practices committed by Sirpilla. The following chart sets forth each alleged act along with a discussion as to whether such an act falls within the purview of the OCSPA or is otherwise actionable by Plaintiffs:

| **Alleged Deceptive Act** | **Is the alleged Act a deceptive act under the OSCPA and otherwise actionable by Plaintiffs?** |
|---|---|
| Breach of express and/or implied warranties and/or contract. | No. This is not identified as actionable conduct under the OCSPA. Furthermore, see Sirpilla's arguments, above, regarding the breach of warranty and contract claims. |
| Violation of the Magnuson Moss Warranty Act and/or its applicable regulations. | No. This is not identified as actionable conduct under the OCSPA. Plaintiffs have not alleged, nor sought to establish that Sirpilla violated the Magnuson Moss Warranty Act. |
| Violation of other consumer protection statute(s) | No. This is not actionable conduct under the OSCPA. Furthermore, Plaintiffs fail to identify any such statutes which Sirpilla has violated. |
| Representing that the subject of a consumer transaction has performance, characteristics, accessories, uses, or benefits, it does not have which the supplier knows or should reasonably know it does not have. | Yes, this is actionable conduct. ORC §1345.02(b)(1). |
| Failing to remedy defects and non-conformities in a warranted vehicle within a reasonable number of attempts. | No. This alleged wrongdoing is not set out as a deceptive practice in the OCSPA. Furthermore, this is simply a restatement alleging that Sirpilla breached a warranty when it provided none. |
| Failing to remedy defects and non-conformities in a warranted vehicle within a reasonable amount of time. | No. This alleged wrongdoing is not set out as a deceptive practice in the OCSPA. Furthermore, this is simply a restatement alleging that Sirpilla breached a warranty when it provided none. |

| | |
|---|---|
| Failing to honor a request to take a vehicle back and/or rescind and/or cancel the sales and warranty and/or contract transaction. | No. This alleged wrongdoing is not set out as a deceptive practice in the OCSPA. There is no obligation, contractual or otherwise, for Sirpilla to honor any request to "take the vehicle back" or to rescind or cancel any sale. |
| Failing to honor a request to take the vehicle back and rescind and/or cancel the sales and warranty and/or contract transaction within a reasonable amount of time. | No. This alleged wrongdoing is not set out as a deceptive practice in the OCSPA. There is no obligation, contractual or otherwise, for Sirpilla to honor any request to "take the vehicle back" or to rescind or cancel any sale. |
| Including one or more unconscionable and/or unreasonable terms in the written warranty and/or contract document(s). | No. This alleged wrongdoing is not specifically set out as a deceptive practice in the OCSPA. Furthermore, as set forth above, Sirpilla provided no written warranty. |
| Stalling and/or delaying the performance of a legal obligation. | No. This alleged wrongdoing is not specifically set out as a deceptive practice in the OCSPA. In addition, no legal obligation is identified. |
| Representing that defects and non-conformities have been repaired when in fact they were not. | No. This alleged wrongdoing is not specifically set out as a deceptive practice in the OCSPA. |
| Representing that the subject of a consumer transaction is of a particular standard or quality when it is not and the supplier knows or should reasonably know that it is not. | Yes. This is actionable conduct. OCR § 1345.02(B)(2). |
| Representing that the transaction involves or does not involve a warranty and/or contract, a disclaimer of warranties, or other rights, remedies or obligations when the representation was false and the supplier knows or should reasonably know that the representation is false. | Yes. This is actionable conduct. OCR is actionable conduct. OCR § 1345.02(B)(10). |
| Representing that the supplier is able to deliver or complete the subject of the consumer transaction within a stated period of time when the supplier knows or should reasonable know the supplier could not. | No. This alleged wrongdoing is not specifically set out as a deceptive practice in the OCSPA. |

13

| | |
|---|---|
| Soliciting a person to enter into a contract or Agreement that contains terms that are oppressively one sided or harsh and/or in which the terms unduly limit the person's remedies, and/or in which the price is unduly excessive, and there was unequal bargaining power that let the person to enter into the contract or Agreement unwillingingly or without knowledge of the terms of the contract or Agreement. | Yes. This is actionable conduct pursuant to OCR § 1345.03 (5). |
| Refusing to recognize the rights of buyers under the Uniform Commercial Code when the only remedy afforded by its limited warranty fails of its essential purpose. | No.  This alleged wrongdoing is not specifically set out as a deceptive practice in the OCSPA. Furthermore, as argued above, Sirpilla did not supply any limited warranties. |
| Knowingly distributing goods for retail sale to consumers that it knows or should know are defective without disclosing such. | No.  This alleged wrongdoing is not specifically set out as a deceptive practice in the OCSPA. |
| Knowingly distributing goods for retail sale to consumers that is knows or should know are likely to be defective without disclosing such. | No.  This alleged wrongdoing is not specifically set out as a deceptive practice in the OCSPA. |
| Knowingly distributing goods for retail sale to consumers that is knows or should know will become defective after receipt of the retail seller and before purchase by the retail buyer without disclosing such. | No.  This alleged wrongdoing is not specifically set out as a deceptive practice in the OCSPA.  Furthermore, it appears that this allegation would apply only to Forest River. |
| Knowingly distributing goods for retail sale to consumers that it knows or should know are likely to become defective after receipt by the retail seller and before purchase by the retail buyer without disclosing such. | No.  This alleged wrongdoing is not specifically set out as a deceptive practice in the OCSPA.  Furthermore, it appears that this allegation would apply only to Forest River. |
| Knowingly distributing goods for retail sale to consumer that is knows or should know will become defective during the first year after purchase by a retail buyer without disclosing such. | No.  This alleged wrongdoing is not specifically set out as a deceptive practice in the OCSPA. |
| Knowingly distributing goods for retail sale to consumer that is knows or should know are likely to become defective during the first year | No.  This alleged wrongdoing is not specifically set out as a deceptive practice in the OCSPA. |

14

| | |
|---|---|
| after purchase by the retail buyer without disclosing such. | |
| Failing to make replacement or warranted defective parts available to a consumer within a reasonable time. | No. This alleged wrongdoing is not specifically set out as a deceptive practice in the OCSPA. |
| Failing to make a refund of the cost of warranted goods when it has failed to make replacement of warranted defective parts available to a consumer withing a reasonable time. | No. This alleged wrongdoing is not specifically set out as a deceptive practice in the OCSPA.<br><br>Furthermore, this is, again, a simple reframing of Plaintiffs' breach of warranty argument. |
| Dealer representing to Defendant Forest River and to Plaintiffs that it had fully performed requested warranty repairs when, in fact, it had not. | No. This alleged wrongdoing is not specifically set out as a deceptive practice in the OCSPA.<br><br>Furthermore, Plaintiffs do not have standing to bring violations for representations made to Forest River by Sirpilla. |
| Dealer violated the Motor Vehicle Repairs and Service Rule, OAC 109:4-3-13, in one or more manners prior to and/or during and/or after one or more consumer transactions with one or both Plaintiffs relating to the subject vehicle. | No. This alleged wrongdoing is not specifically set out as a deceptive practice in the OCSPA.<br><br>Furthermore, a review of the cited section notes that it applies to repairs that cost the consumer over $50.00. Plaintiffs have not identified any repairs which were performed by Sirpilla that cost more than $50.00. Ex. B, 42:13-25; 43:1-22. |

Thus, it appears the only alleged deceptive act committed by Sirpilla in the Amended Complaint and cognizable under the OCSPA consists of alleged misrepresentations on the part of Sirpilla that the RV had performance, characteristics, accessories, uses, or benefits it did not have in violation of OCR § 1345.02(B), *et. seq,* one-sided contract terms, or misrepresenting the terms of the Limited Warranty.

15

Having identified the legal claim at issue, it becomes necessary to next look beyond the "formulaic recitation of the elements[1]" in the Amended Complaint[2] to ascertain which misrepresentations Sirpilla is alleged to have made and which contract terms are one-sided. However, a review of the Amended Complaint reveals no alleged misrepresentations regarding the characteristics of the RV or anything regarding the terms of any warranties. Furthermore, this is also not supported by Plaintiffs' Interrogatory Responses. Ex. E. Plaintiffs generally alleged that through their advertising and otherwise "Defendants represented that the recreational vehicle which Defendant Forest River manufactured were of merchantable quality, fit and in proper condition for the ordinary use for which such vehicles are designed", but Plaintiffs testified that they looked at no brochures, websites, nor performed any research before they purchased the RV. DE 41; Ex. A, 16:7-12; Ex. B 13:3-9. Furthermore, Plaintiffs have presented no evidence, to date, to show which contract terms they find to be one-sided and unconscionable.

Finally, Plaintiffs allege that Sirpilla misrepresented to Forest River and Plaintiffs that in May 2018, repairs were complete on the RV, when, in fact, they were not. This reiterates Plaintiffs' Interrogatory statements that Sirpilla allegedly violated the OSCPA because it perfomed alleged shoddy repair work. Even taken as true, however, such actions are not actionable under OCSPA. *See,* OCR § 1345.02; OCR § 1345.03.

---

[1] See *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554-56 (2007) ("A plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions and a formulaic recitation of the elements of a cause of action will not do…Factual allegations must be enough to raise a right to relief above the speculative level."

[2] Rule 9 requires Plaintiffs to set forth the alleged misrepresentations made by Sirpilla with particularity.  Sirpilla did attempt to get more information regarding Plaintiffs' allegations of unfair and/or deceptive practices but Plaintiffs refused to answer an interrogatory on the subject.  (See Ex. A, Response to Interrogatories 15 and 16).

Accordingly, viewing all facts supporting Plaintiffs' OCSPA as true, Plaintiffs cannot recover under the Act because no misrepresentations were made by Sirpilla and relied upon by Plaintiffs. Summary judgment in favor of Sirpilla on Plaintiffs' OCSPA claims are proper.

### IV. Should Plaintiffs have any remaining viable claims, they do not have a right to seek revocation of acceptance.

A seller may limit or alter the measure of recoverable damages to repair and replacement of nonconforming goods or parts. ORC § 1302.93(A). Such limitations will be upheld, so long as they are not unconscionable. *Zaremba v. Marvin Lumber & Cedar Co.,* 458 F.Supp. 2d. 545, 449 (N.D. Ohio 2006). A limitation on remedies is conscionable if the seller assigns the purchaser the right to pursue the manufacturer for a breach of warranty claim. *Id.* (citing *Irving Leasing Corp. v. M&H Tire Co.,* 475 N.E.2d 127, 131 (OH Ct. App. 1984).

The Purchase Agreement, in an outlined box, in bold, underlined, capitalized print states, in part;

> **BUYER(S) UNDERSTAND AND AGREE THAT THE EXPRESS TERMS OF ANY MANUFACTURERS WRITTEN WARRANTY, TO THE EXTENT ANY EXITS AND APPLY TO THE UNIT, CONTAIN AND CONSTITUTE BUYER(S) EXCLUSIVE AND SOLE REMEDY FOR ANY PROBLEMS OR DEFECTS THE UNIT MIGHT CONTAIN, BUYER(S) UNDERSTAND AND AGREE THAT ANY OTHER POTENTIALLY AVAILABLE REMEDY UNDER THE UNIFORM COMMERCIAL CODE OR OTHERWISE, INCLUDING BUT NOT LIMITED TO REJECTION, RESCISSION, OR REVOCATION OF ACCEPTANCE, ARE HEREBY DISCLAIMED BY AND UNAVAILABLE AGAINST DEALER, BUYER(S) UNDERSTAND AND AGREE THAT THE TERMS OF THIS AGREEMENT INCLUDING ALL DISCLAIMERS OF WARRANTIES AND DAMAGES ARE "CONSPICUOUS" AND SHALL APPLY UNDER ALL CIRCUMSTANCES, EVEN IF THE BUYER(S)' AVAILABLE REMEDIES FAIL OF THEIR ESSENTIAL PURPOSE.**

(Ex. D, emphasis original). Accordingly, the parties agreed to waive any rights of rescission in exchange for Plaintiffs right to pursue Forest River for any breach for any damages resulting from any defective goods. Therefore, even if Plaintiffs' claims are determined to be timely, they cannot seek a revocation of acceptance against Sirpilla.

**V.     Like revocation of acceptance, Plaintiffs are also precluded from recovering incidental and consequential damages.**

Even if the Court were to conclude that Plaintiffs' claims are timely and a question of fact remains on any of the Plaintiffs' causes of action, the incidental and consequential damages waiver provision within the Purchase Agreement is valid and Plaintiffs are barred from recovering these damages. Consequential damages may be limited or excluded unless the limitation or exclusion is unconscionable. ORC § 1302.93.

Under the heading, "<u>EXCLUSION OF INCIDENTAL AND CONSEQUENTIAL DAMAGES</u>." The purchase agreement states:

> Incidental and consequential damages arising out of the sale, use, servicing, and/or quality of this Unit, including but not limited to any loss of use, loss of time, inconvenience, aggravation, loss of wages/earnings/income, fuel/transportation expenses. . . are specifically excluded and Dealer specifically disclaims liability for any such incidental and/or consequential damages. Buyer(s) acknowledge he/she/they shall not seek or recover incidental or consequential damages from Dealer. Buyer(s) acknowledge this disclaimer of incidental and consequential damages is independent of and shall surviving of failure of the essential purpose or any warranty or remedy.

Ex. D. As such, Plaintiffs are barred from seeking any incidental and consequential damages.

## **CONCLUSION**

Plaintiffs signed that they read and understood the purchase agreement for their 2017 Forest River Dynamax. They are, in addition, presumed under the law to have read and understood the terms of that Agreement. Yet, despite having read and understood the Agreement, Plaintiffs seek to avoid the terms of the Purchase Agreement to bring untimely claims. They, further, seek to avoid this limitation and the exclusions of the contract to bring a breach of warranty/contract claim, when no warranties were provided, and without even identifying the contract which was allegedly breached. Finally, Plaintiffs bring a claim for breach of the Ohio Consumer Sales Protection Act. The claim, however, as plead raises allegations that, as a matter of law, are not actionable. Nonetheless, of the

actionable conduct, Plaintiffs have failed to allege any facts, in their pleadings or otherwise, to establish a viable claim. There are no material facts in dispute and Sirpilla is entitled to summary judgment as a matter of law.

For the reasons set forth above, Sirpilla RV Centers, LLC, requests summary judgment in its favor and against James and Melinda Litsinger, and for all other just and proper relief.

*/s/ Katlyn Foust Hunneshagen*
Georgianne M. Walker (23182-71)
Katlyn Foust Hunneshagen (32593-75)
Attorneys for Defendants

**MAY • OBERFELL • LORBER**
4100 Edison Lakes Parkway, Suite 100
Mishawaka, IN 46545
Telephone: (574) 243-4100
gwalker@maylorber.com
kfoust@maylorber.com

**CERTIFICATE OF SERVICE**

  I hereby certify that on September 1, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following: Ronald L. Burdge and Scarlett Steuart and I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants: N/A.

                */s/ Katlyn Foust Hunneshagen*
                Katlyn Foust Hunneshagen